51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David H. MATTHEWS, Plaintiff-Appellant,
v.
Joseph GIOVANONI, Defendant-Appellee.
 No. 94-15960.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 4, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David H. Matthews appeals pro se the district court's dismissal with prejudice of his 42 U.S.C. Sec. 1983 action as frivolous under 28 U.S.C. Sec. 1915(d). The district court found that Matthews's action was barred by the applicable statute of limitations. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we review for abuse of discretion, see Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 A district court is authorized to dismiss sua sponte an in forma pauperis complaint before service of process if the court is satisfied that the action is frivolous. Id. at 1733. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 Federal law governs the characterization of claims brought under 42 U.S.C. Sec. 1983. Wilson v. Garcia, 471 U.S. 261, 268 (1985). However, the applicable statute of limitations is a matter of state law. Id. at 269; see also Owens v. Okure, 488 U.S. 235, 240-41 (1989). The Hawaii Supreme Court has determined that under Wilson and Owens, the applicable statute of limitations for claims brought under section 1983 is two years pursuant to Haw.Rev.Stat. Sec. 657-7. Pele Defense Fund v. Paty, 837 P.2d 1247, 1260 (Haw.1992), cert. denied, 113 S.Ct. 1277 (1993). We have reached the same conclusion. Price v. Hawaii, 939 F.2d 702, 708 n. 7 (9th Cir.1991), cert. denied, 112 S.Ct. 1480 (1992).
 
 
 5
 Here, the alleged constitutional violations occurred in 1991. Matthews, however, filed his action on April 11, 1994. Because Matthews filed his action more than two years after the alleged constitutional violations occurred, the action is time-barred. See Price, 939 F.2d at 708 n. 7; Pele Defense Fund, 827 P.2d at 1260. Furthermore, at the time the alleged constitutional violations occurred, Matthews was not incarcerated; therefore, the statute of limitations was not tolled. See Haw.Rev.Stat. Sec. 657-13.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Matthews's motion to supplement his opening brief is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3